# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MICHIGAN

IN RE:

JONELLE A. JOHNSTON,

        Debtor.

_____/ /

Case No.: DL 17-02774
Chapter 13
Hon. Scott W. Dales
Filed: June 1, 2017

## TRUSTEE'S OBJECTION TO DEBTOR'S THIRD POST-CONFIRMATION AMENDMENT TO CHAPTER 13 PLAN

**NOW COMES** Barbara P. Foley, Trustee, by and through her Attorney, Courtney K. Roberts, and for her *Objection to Debtor's Third Post-Confirmation Amendment to Chapter 13 Plan* [DN 83] states as follows:

1. Jonelle A. Johnston ("Debtor") filed a Petition for relief under Chapter 13 of the United States Bankruptcy Code on June 1, 2017.

2. The case has never been converted, reinstated, or dismissed. However, the Chapter 13 Trustee has a Motion to Dismiss Chapter 13 Case pending in the case [DN 78] due to Debtor's failure to make complete Chapter 13 plan payments for several months.

3. The Chapter 13 plan was confirmed by Order entered October 6, 2017 [DN 37], with the Chapter 13 plan properly reflecting a 60 month applicable commitment period [DN 11, ¶ I.A].

4. Plan payments were reduced effective November 1, 2019, to $484.00 per month [DN 72], with general unsecured creditors to receive a minimum dividend to general unsecured creditors of $10,000.00.

5. General unsecured creditors have received $19,424.15 on $206,106.91 in general unsecured claims in the case, and a 100% dividend to general unsecured creditors is not

1

proposed; as a result, Debtor is required to provide all disposable income to her Chapter 13 plan, including income tax refunds [DN 11, ¶ IV.A].  11 U.S.C. § 1327(a).  *Seafort v. Burden (In re Seafort),* 669 F.3d 662, 674 (6th Cir. 2012), citing *Baud v. Carroll*, 634 F.3d 327, 356 (6th Cir. 2011).  [Noting that the purpose of BAPCPA "was on maximizing the amount of disposable income that debtors would pay to creditors."]

6. Debtor has previously had plan payment arrears of $3,080.30 forgiven, and Debtor was permitted to retain both her 2017 net income tax refund and her teacher retirement refund to purchase a home and a vehicle post-confirmation [DN 57 & 72].

7. On August 14, 2020, Debtor filed her Third Post-Confirmation Amendment to Chapter 13 Plan, seeking forgiveness of $1,769.54 in additional plan payment arrears, and reducing the dividend to general unsecured creditors to the greater of $19,424.15 or the amount of disposable income available after the payment of all other disbursement classes over the course of the remaining applicable commitment period [DN 83].

8. The Trustee objects to the amendment because Debtor now receives social security and pension income [DN 82, page 2], so there should have been no interruption in Debtor's income due to the COVID-19 pandemic.

9. Debtor has provided some receipts regarding a new bathtub and accompanying surround as the reason for the incursion of additional post-petition arrears, as well as what appears to be the purchase agreement for a trailer.

10. Given Debtor's prior retention of income tax refunds, her prior plan payment forgiveness, her prior retention of the state teacher's 3% retirement refund, and her poor plan payment history after amending her Chapter 13 plan in late 2019 [DN 57, 67 & 72], the Trustee

has requested documentation of the actual need for the additional trailer purchase and new tub for that new trailer.

11. The Trustee objects to the amendment because it is not clear from the documentation provided thus far that the missed plan payments were not disposable income at the time the delinquency was incurred, so it is unclear if Debtor has a basis for seeking forgiveness of the additional Chapter 13 plan payment arrears [DN 11, ¶ IV.A]. 11 U.S.C. § 1327(a). *Seafort, supra.*

12. Furthermore, the Trustee objects to the amendment, because, based upon Debtor's failure to make plan payments, it does not appear that Debtor can make all payments and comply with the terms of the Chapter 13 plan. 11 U.S.C. §§ 1325(a)(6) & 1329(b)(1).

13. Finally, based upon Debtor's plan payment and spending history, and the circumstances giving rise to the existing plan payment delinquency, it is unclear if the proposed amendment is made in good faith. 11 U.S.C. §§ 1325(a)(3) & 1329(b)(1).

**WHEREFORE** the Trustee respectfully requests that this Court deny approval for Debtor's Third Post-Confirmation Amendment to Chapter 13 Plan [DN 83], dismiss Debtor's case as requested by the Trustee's Motion to Dismiss Chapter 13 Case [DN 78], and grant such other relief may be just and equitable.

Respectfully submitted,

BARBARA P. FOLEY
CHAPTER 13 TRUSTEE

August 25, 2020

/s/ Courtney K. Roberts
Courtney K. Roberts (P64717)
Attorney for Barbara P. Foley, Chapter 13 Trustee
P.O. Box 51109
Kalamazoo, MI  49005-1109
Phone:  (269) 343-0305
E-Mail: croberts@chpt13.com